**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-24550-ALTMAN**

**KELLY M. CRAWFORD**

       *Plaintiff,*

v.

**36IXZERO Degrees, LLC**, *et al.*,

       *Defendants.*

_____/

## ORDER GRANTING MOTION FOR DEFAULT FINAL JUDGMENT

Our Plaintiff, Kelly M. Crawford, has filed a Motion for Default Final Judgment Against Defendant 36IXZERO Degrees, LLC (the "Motion") [ECF No. 60]. After careful review, we **GRANT** the Motion.

### BACKGROUND

On October 20, 2025, Crawford filed an Amended Complaint [ECF No. 11] against, among other Defendants, 36IXZERO Degrees, LLC ("36IXZERO"). Crawford properly served 36IXZERO via substitute service pursuant to Fla. Stat. §§ 48.062, 48.101, and 48.161, *see* Service Declaration [ECF No. 42], but 36IXZERO failed to appear in these proceedings, *see generally* Docket. On February 20, 2026, the Clerk entered default against 36IXZERO [ECF No. 56]. Crawford now moves for default final judgment against 36IXZERO.

### THE LAW

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing FED. R. CIV. P. 55(b)(2)). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). But "a defendant's default does not in itself warrant the court entering a default

judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default."). "[A] default final judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245. In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).

## ANALYSIS

### I.      Jurisdiction and Venue

Before delving into the merits of the Motion, we must verify that we have subject-matter jurisdiction over this case, that we can exercise personal jurisdiction over 36IXZERO, and that venue is proper in our District. We have subject-matter jurisdiction over this case because it's ancillary to our Commodity Futures Trading Commission ("CFTC") receivership case—*Commodity Futures Trading Comm'n v. Traders Domain Fx Ltd.*, Case No. 24-cv-23745 (the "Receivership Case")—over which we have original jurisdiction under 28 U.S.C. § 1331 in that this action forms "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Accordingly, pursuant to the principles of supplemental jurisdiction, we have subject-matter jurisdiction over the claims set forth here. *See* Amended Complaint ¶¶ 22–26 (outlining our jurisdiction over this case). We can exercise personal jurisdiction over 36IXZERO because it "conducted business with, and/or received funds or transfers of assets from the Receivership Defendants, which were operating,

2

conducting, engaging in, and carrying on a fraudulent business or business venture in, among other locations, the Southern District of Florida. The transfers that Defendants received from Receivership Defendants were proceeds from Receivership Defendants' fraudulent scheme conducted from the Southern District of Florida." *Id.* ¶ 27. Moreover, at all relevant times, Defendant 36IXZERO "was a Florida limited liability company with its principal place of business in Fort Lauderdale, Florida." *Id.* ¶ 6. And, finally, venue is proper in this District because this action is ancillary to our Receivership Case and because a substantial part of the events giving rise to the claims occurred within the Southern District of Florida. *See id.* ¶ 29 (describing the proper venue in this case).

## II.      Fraudulent Transfers

Count I of the Amended Complaint seeks to avoid and recover fraudulent transfers under § 726.105(1)(a). *See* Amended Complaint at 18. To recover fraudulent transfers, a plaintiff must allege "(1) there was a creditor sought to be defrauded, (2) a debtor intending fraud, and (3) a conveyance of property which could have been available to satisfy the debt." *Pearlman v. Alexis*, 2009 WL 3161830, at *4 (S.D. Fla. Sept. 25, 2009) (Hurley, J.) (citing *Nationsbank, N.A. v. Coastal Utils. Inc.*, 814 So.2d 1227, 1229 (Fla. 4th DCA 2002)).

Because 36IXZERO hasn't responded to the Amended Complaint, it's undisputed that (1) 36IXZERO received transfers totaling $215,000 from Receivership Case Defendant Algo Cap, *see* Receiver's Declaration and Summary of Transfers [ECF No. 60-1] ¶ 3; (2) Algo Cap "made the [t]ransfers in furtherance of their fraudulent and/or Ponzi scheme," Complaint ¶ 63; (3) "[a]t the time that [Algo Cap] made the Transfers, they removed and/or concealed assets of the Receivership [Case] Defendants from the reach of their investors and/or creditors, *id.* ¶ 64; and (4) Algo Cap, in sending the transfers, "had the actual intent to delay, hinder, or defraud creditors, and made the Transfers to delay, hinder, or defraud creditors," *id.* ¶ 66. Taken together, these unrebutted factual allegations sufficiently demonstrate that 36IXZERO received fraudulent transfers as part of Algo Cap's Ponzi

scheme, and default final judgment is therefore warranted. *See Wiand v. Lee*, 753 F.3d 1194, 1201 (11th Cir. 2014) ("[U]nder FUFTA's actual fraud provision, proof that a transfer was made in furtherance of a Ponzi scheme establishes actual intent to defraud under § 726.105(1)(a) without the need to consider the badges of fraud.").

### III.     Damages

Crawford seeks $215,000—the amount of the fraudulent transfers—in damages, as well as an award for prejudgment interest. *See* Motion at 7 ("Plaintiff respectfully requests the Court to enter an order . . . holding 36IXZERO DEGREES LLC liable for damages in the amount of $215,000.00 and post-judgment interest at the statutory rate[.]"). Crawford has submitted a sworn affidavit and a summary of the transfers, showing that 36IXZERO indeed received $215,000 in transfers from Algo Cap. *See generally* Receiver's Declaration and Summary of Transfers. Given 36IXZERO's default, this affidavit is sufficient to establish damages. *See Adolph*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for [an] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (cleaned up)). Accordingly, we'll award Crawford $215,000 in damages for Count I.

***

Accordingly, we **ORDER and ADJUDGE** as follows:

1.  The Plaintiff's Motion for Default Final Judgment Against Defendant 36IXZERO Degrees [ECF No. 60] is **GRANTED**.

2.  The Plaintiff is awarded $215,000 in damages on Count I of the Complaint against 36IXZERO Degrees, LLC.

3.  In accordance with Federal Rule of Civil Procedure 58, final judgment will be entered separately.

4

**DONE AND ORDERED** in the Southern District of Florida on April 10, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

Cc:    Counsel of record
        36IXZERO Degrees, LLC