**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-24550-ALTMAN**

COMMODITY FUTURES
TRADING COMMISSION,

    *PLAINTIFF,*

V.

TRADERS DOMAIN FX LTD. *D/B/A,*
THE TRADERS DOMAIN, *ET AL.*,

    *DEFENDANTS.*

_____/
KELLY M. CRAWFORD, AS RECEIVER OF
TRADERS DOMAIN FX LTD. *D/B/A*,
TRADERS DOMAIN, *ET AL.*,

    PLAINTIFF,

V.

36IXZERO DEGREES, LLC,
BENJAMIN JOEL GLASER,
CAPOTE DIAMONDS, LLC,
DISCOVER TOUR PLUS LTD,
INFLUENCER MEDIA GROUP,
LLC, JAMES LEES, ON OFF
TECHNOLOGIES LTD, R ACOSTA
CONSULTING, LLC, RYMAX
FINANCIAL MANAGEMENT LTD,
AND WOLF EXOTICS, LLC,

    DEFENDANTS.

_____/

**DEFENDANT CAPOTE DIAMOND LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S AMENDED COMPLAINT**

Defendant, CAPOTE DIAMONDS, LLC, files it answer and affirmative

defenses to Plaintiff's Amended Complaint [DE 70].

## PROCEDURAL HISTORY

1.      Defendant admits that paragraph 1 correctly describes the procedural history of the Plaintiff's case against Traders Domain, *et at*.

2.      Defendant admits that paragraph 2 correctly describes the procedural history of the Plaintiff's case against Traders Domain, *et at*.

3.      Defendant admits that paragraph 3 correctly describes the procedural history of the Plaintiff's case against Traders Domain, *et at*.

4.      Defendant admits that paragraph 4 correctly describes the procedural history of the Plaintiff's case against Marcus Todd Brosco, *et at*.

5.      Defendant admits that paragraph 5 correctly describes the procedural history of the Plaintiff's case against Marcus Todd Brosco, *et at*.

6.      Defendant admits that paragraph 6 correctly describes the procedural history of the Plaintiff's case against Marcus Todd Brosco, *et at*.

7.      Defendant admits that paragraph 7 correctly describes the procedural history of the Plaintiff's case against Marcus Todd Brosco, *et at*.

8.      This paragraph asserts a legal conclusion to which a response is not required. The cited Orders speak for themselves.  To the extent a response is required, denied.

9.      This paragraph asserts a legal conclusion to which a response is not required. The cited Orders speak for themselves.  To the extent a response is required, denied.

2

10.     Defendant admits that the Court appointed Crawford as a Receiver. Capote Diamonds, LLC otherwise denies Crawford's claims against it.

## THE PARTIES

11.     Admitted.

12.     Defendant is without knowledge as to the allegations in this paragraph.

13.     Defendant is without knowledge as to the allegations in this paragraph.

14.     Defendant is without knowledge as to the allegations in this paragraph.

15.     Admitted.

16.     Defendant is without knowledge as to the allegations in this paragraph.

17.     Defendant is without knowledge as to the allegations in this paragraph.

18.     Defendant is without knowledge as to the allegations in this paragraph.

## JURISDICTION AND VENUE

19.     Admitted.

20.     Defendant admits that Plaintiff was appointed Receiver but otherwise denies that this Complaint's claims against Defendant Capote Diamonds, LLC accomplish the objectives of the SRO and PI Orders.

21.     Defendant admits that the Court has jurisdiction of the Plaintiff's claims but otherwise denies that the claims against Defendant Capote Diamonds, LLC.

22.     Defendant admits that the Court has jurisdiction of the Plaintiff's claims but otherwise denies the claims against Defendant Capote Diamonds, LLC.

23.     Defendant admits that the Receiver was appointed to pursue fraudulent transfer claims but otherwise denies that the Receiver's claims against Defendant Capote Diamonds, LLC.

24.     Defendant admits that the Court has personal jurisdiction over it but is otherwise without knowledge as to the other allegations in this paragraph and therefore demands strict proof thereof.

25.     Defendant admits that the Court has personal jurisdiction over it.

26.     Defendant admits that venue is proper in the Southern District of Florida but is otherwise without knowledge as to any "victims" and therefore denies strict proof thereof.

27.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

## RECEIVER'S STANDING

28.     Defendant admits that the SRO empowers the Receiver to bring claims of the nature asserted in the Complaint but otherwise denies the claims against Defendant Capote Diamonds, LLC.

29.     Defendant admits that the Receiver has standing to bring claims of the nature asserted in the Complaint but otherwise denies the claims against Defendant Capote Diamonds, LLC. Defendant is further without knowledge as to the "creditors" of the "Receivership entities" and therefore demands strict proof thereof.

30.     Defendant admits that the Receiver has standing to bring claims of the nature asserted in the Complaint but otherwise denies the claims against Defendant Capote Diamonds, LLC.

31.     Defendant is without knowledge of whether the Receiver has compiled with the requirements of 18 U.S.C. §§ 754 and 1692.

4

## LIMITATIONS PERIOD AND APPLICABLE LAW

32.   Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

33.   Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

34.   Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

35.   Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof. Defendant further denies that any fraudulent transfers were made it.

36.   Defendant denies that the Receiver is entitled to any damages for unjust enrichment and it without knowledge as the remaining allegations in this paragraph therefore demands strict proof thereof.

## FACTUAL ALLEGATIONS

### The Traders Doman Fraudulent Scheme

37.   Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

38.   Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

39.   Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

40.   Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

41.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

42.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

43.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

44.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

## The Involvement of SECAP and SACAP in the TD Scheme

45.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

46.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof

47.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

## The Sponsor Fraudulent Scheme

### Algo Capital

48.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

49.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

50.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

51.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

52.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

53.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

54.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

55.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

56.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

57.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

58.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

### **Transfers to Defendants**

59.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

60. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

61. Defendant admits that it received the payments shown in Exhibit D but otherwise denies that they represent fraudulent transfers.

62. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

63. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

64. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

65. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

66. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

67. Denied.

68. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

69. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

70. Defendant denies that it is the "direct and proximate" cause of any "damages" and that the "Receivership Entities" or the "Receivership Estate" are entitled to any compensatory and consequential damages from Capote Diamonds,

LLC. Capote Diamonds, LCC is otherwise without knowledge as to the allegations made against other Defendants.

71.     Defendant denies that the Receiver is entitled to collect any monies from Capote Diamonds, LLC as alleged in this paragraph. Defendant denies that any funds it received were "improperly transferred, dissipated, misappropriated, or lost." Defendant is without knowledge as to the allegations made against the other Defendants,

## CLAIMS FOR RELIEF

## COUNT I

### (Fraudulent Transfer under § 726.105 (1)(a), Fla. Stat., Florida Uniform Fraudulent Transfer Act)

72.     Defendant repeats, reasserts, and incorporates by reference his answers to the allegations set forth in paragraph 1-71 as if fully set forth herein.

73.     Defendant denies the Plaintiff's claim.

74.     As detailed above, the Defendant admits that it received the payments set forth in exhibit D and otherwise denies the Plaintiff's claim.

75.     Denied.

76.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

77.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

78.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

9

79.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

80.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

81.     Denied.

82.     Denied.

83.     Denied.

WHEREFORE, Defendant Capote Diamonds request that this Court enter judgment in its favor and award it with attorneys' fees and costs.

## COUNT 11

### (Fraudulent Transfer under § 726.105(1)(b), Fla. Stat., Florida Uniform Fraudulent Transfer Act)

84.     Defendant reasserts, repeats, and incorporate by reference his answers to the allegations made in paragraphs 1-71 as if fully set forth herein.

85.     Defendant denies the Plaintiff's claim.

86.     As detailed above, Defendant admits that it received the payments set forth in exhibit D and otherwise denies the Plaintiff's claim.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

91. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

92. Defendant is without knowledge of the allegations in this paragraph and therefore demands strict proof thereof.

93. Denied.

94. Denied.

WHEREFORE, Defendant Capote Diamonds requests that this Court enter judgment in its favor and award it with attorneys' fees and costs.

## COUNT III

### (Fraudulent transfers under § 726.106(1)(a), Fla. Stat., Florida Uniform Fraudulent Transfer Act)

95. Defendant reasserts, repeats, and incorporate by reference his answers to the allegations made in paragraphs 1-71 as if fully set forth herein.

96. Defendant denies Plaintiff's claim.

97. As detailed above, Defendant admits that it received the payments set forth in exhibit D and otherwise denies the Plaintiff's claim.

98. Denied.

99. Denied.

100. Denied.

101. Defendant is without knowledge as to the allegations made in this paragraph and therefore demands strict proof thereof.

102. Defendant is without knowledge as to the allegations made in this paragraph and therefore demands strict proof thereof.

11

103. Defendant is without knowledge as to the allegations made in this paragraph and therefore demands strict proof thereof.

104. Denied.

105. Denied.

WHEREFORE, Defendant Capote Diamonds requests that this Court enter judgment in its favor and award it with attorneys' fees and costs.

## COUNT IV

### (Unjust enrichment)

106. Defendant reasserts, repeats, and incorporate by reference his answers to the allegations made in paragraphs 1-71 as if fully set forth herein.

107. Denied.

108. Denied.

109. Denied,

110. Denied.

WHEFORE, Defendant Capote Diamonds requests that this Court enter judgment in its favor and award it with attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

### Facts Common to All Affirmative Defenses

1. Capote Diamonds, LLC ("Capote Diamonds") is a jeweler, who is lawfully engaged in the business of selling jewelry.

2. The $506,420 that is referenced in Exhibit D of the Complaint was paid to Capote Diamonds in exchange for jewelry that it sold of equivalent value.

12

3. Capote Diamonds was unaware of the Receivership Defendants' misconduct.

4. The foregoing factual allegations are incorporated into each of the affirmative defenses set forth below:

**First Affirmative Defense**
**Good Faith Seller for Value, § 726.109(1), Fla. Stat.**
(As to Count I – Fraudulent Transfer under § 726.105(1)(a), Fla. Stat.)

The transfers cannot be avoided as to Capote Diamonds because Capote Diamonds was a good faith seller, who accepted the money transferred to it as payment for the sale of jewelry of equivalent value.

**Second Affirmative Defense**
**Failure to State a Claim / Reasonably Equivalent Value**
(As to Counts II and III)

Plaintiff failed to state a claim under Counts II and III because Capote Diamonds was paid $506,420 in exchange for the sale of its jewelry that was equivalently valued.

**Third Affirmative Defense**
**Set-Off, § 726.109(4)(a) or (c), Fla. Stat.**
(As to Counts I – III)

Capote Diamonds was a good faith seller, who accepted the money transferred to it as payment for the sale of jewelry of equivalent value; thus, Capote Diamonds is entitled to either (a) a lien on, or the right to retain any interest in, the jewelry it transferred, or (c) a reduction in the amount of the liability on the judgment that is equal to the value of the jewelry it transferred. *See* § 726.109(4)(a) and (c), Fla. Stat.

**Fourth Affirmative Defense – Adequate Consideration**
(As to Count IV – Unjust Enrichment)

Capote Diamonds was paid $506,420 in exchange for jewelry of equivalent value; thus, Capote Diamonds gave adequate consideration for the funds it received. *See Asencio v. Wells*

*Fargo Bank, N.A.*, 905 F. Supp. 2d 1279, 1280–81 (M.D. Fla. 2012), <u>aff'd,</u> 520 Fed. Appx. 798 (11th Cir. 2013) (" '[w]hen a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails.' ").

<u>**Fifth Affirmative Defense – Statute of Limitations / Statute of Repose**</u>
(As to Counts I-III)

At least two of transfers that form the basis of Counts I – III occurred more than four years before the Amended Complaint [DE 70] was filed.  Counts I – III are barred or extinguished in whole or in part by the applicable statute of limitations or statute of repose. *See* § 726.110, Fla. Stat.; *see also* § 95.11, Fla. Stat.

<u>**Sixth Affirmative Defense – Statute of Limitations**</u>
(As to Count IV – Unjust Enrichment)

At least two of transfers that form the basis of Count IV occurred more than four years before the Amended Complaint [DE 70] was filed.  Accordingly, Count IV is barred in whole or in part by the applicable statute of limitations. *See* § 95.11, Fla. Stat.

<u>**Seventh Affirmative Defense – Laches**</u>
(As to Counts I – IV)

Most of the transfers that form the basis of Counts I - IV occurred in 2022—that is three-and-a-half to four years before the Amended Complaint [DE 70] was filed. Moreover, the Receiver waited approximately 19 months after he was appointed to file the Amended Complaint.  Pursuant to the doctrine of laches, the Receiver is barred from receiving any equitable relief because the delay in filing this amended complaint has prejudiced Capote Diamonds' ability to defend.

14

## Eighth Affirmative Defense – Set-Off
(As to Counts I – IV)

Capote Diamonds is lawfully engaged in the business of selling jewelry. Capote Diamonds was paid $506,420 in exchange for the sale of its jewelry that was equivalently valued. If Capote Diamonds is required to return any funds received from any Receivership Entity it too would be made a victim because the jewelry it sold has not been returned it and it does not have the valuable jewelry it sold. Accordingly, Capote Diamonds is entitled to a set-off equal to the value of the jewelry that it sold.

## Ninth Affirmative Defense – Unjust Enrichment
(As to Counts I – IV)

Capote Diamonds is lawfully engaged in the business of selling jewelry. Capote Diamonds was paid $506,420 in exchange for the sale of its jewelry that was equivalently valued. If Capote Diamonds is required to return any funds received from any Receivership Entity without the jewelry being returned to Capote Diamonds, then it too would be made a victim of the ponzi scheme because Capote Diamonds would have effectively lost the jewelry it sold to the Receivership Entities plus the money paid by the Receivership Entities. Ultimately, that would result in Capote Diamonds losing the equivalent of $1,012,840, and the Receiver being unjustly enriched by the same amount (or by $506,420). Under this scenario, Capote Diamonds would have conferred a benefit to the Receiver equivalent to $1,012,840 (or $506,420), the Receiver knows of the benefit because it is receiving that money while knowing that it does not have the jewelry to return to Capote Diamonds. It would be inequitable for the Receiver to retain the benefit of that money without returning the equivalently valued jewelry to Capote Diamonds.

**JURY TRIAL DEMAND**

15

Defendant, Capote Diamonds, LLC hereby requests a trial by jury on all issues so triable.

DATED: June 9, 2026.

Respectfully submitted,

**BELL ROSQUETE REYES ESTEBAN, PLLC**

By: */s/ Henry P. Bell*
Henry P. Bell, Esq.
Florida Bar No. 90689
999 Ponce de Leon Blvd., Suite 810
Coral Gables, Florida 33134
Telephone: (305) 570-1610
Hbell@brresq.com

*Attorneys for Capote Diamonds, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via CM/ECF upon all counsel of record on this 9th day of June 2026.

*/s/ Henry P. Bell*
Henry P. Bell, Esq.
Florida Bar No. 90689

16