**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-24550-ALTMAN**

COMMODITY FUTURES
TRADING COMMISSION,

*Plaintiff,*

v.

TRADERS DOMAIN FX LTD. *d/b/d*
THE TRADERS DOMAIN, *et al;*

*Defendants.*
_______________________________/

Kelly M. Crawford, as Receiver of
TRADERS DOMAIN FX LTD. *d/b/a,*
TRADERS DOMAIN, *et al.,,*

Plaintiff,

v.

36IXZERO DEGREES, LLC,
CAPOTE DIAMONDS, LLC,
JAMES LEES, R ACOSTA
CONSULTING, LLC, AND
WOLF EXOTICS, LLC,

Defendants.
_______________________________/

**DEFENDANT WOLF EXOTICS, LLC'S**
**MOTION TO DISMISS AMENDED COMPLAINT**

**TABLE OF CONTENTS**


I. INTRODUCTION ....................................................................................................4

II. PROCEDURAL BACKGROUND...........................................................................6

III. STANDARD OF REVIEW ......................................................................................8

IV. ARGUMENT .........................................................................................................8

A. The Claims Against Wolf Exotics are Barred on the Face of Amended Complaint…………………………………………………………..8

B. Any Claims Arising From the SECAP Transfers Should Be Dismissed with Prejudice Because Amendment would be Futile………………..10

V. CONCLUSION…………………………………………………………13

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009)………………………………………………….8

*Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*,

522 F.3d 1190, 1199 (11th Cir. 2008)……………………………………..8

*Nat'l Auto Serv. Centers, Inc. v. F/R 550, LLC,*

192 So. 3d 498 (Fla. 2d DCA 2016)……………………………………….9

*Beltran v. Vincent P. Miraglia, M.D., P.A.,*

125 So. 3d 855, 859 (Fla. 4th DCA 2013)…………………………………9

*See You Restorations LLC v. First Protective Ins. Co.,*

417 So. 3d 358 (Fla. 4th DCA 2025)……………………………….....12

*State v. Fam. Bank of Hallandale,*

667 So. 2d 257 (Fla. 1st DCA 1995)……………………………………….12

**Statutes**

Fla. Stat. § 726.110…………………………………………………………...9; 12

Defendant, Wolf Exotics, LLC ("Wolf Exotics"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss with prejudice the Amended Complaint filed by Plaintiff, Kelly M. Crawford, in his capacity as Court-appointed Florida Receiver in the action styled *Commodity Futures Trading Commission v. Traders Domain FX Ltd. d/b/a The Traders Domain, et al.*, Case No. 24-cv-23745-ALTMAN ("Receiver"), and in support thereof states as follows:

## I. INTRODUCTION

The Amended Complaint should be dismissed with prejudice because the claims asserted against Wolf Exotics are barred by the applicable statute of repose and statute of limitations. Specifically, by way of the Amended Complaint, the Receiver asserts three counts against Wolf Exotics under Florida's Uniform Fraudulent Transfer Act, Chapter 726, Florida Statutes which is subject to a four-year statute of repose running from the date of the alleged transfer. The Receiver also asserts one count for unjust enrichment against Wolf Exotics, which is subject to a four-year statute of limitations. Each of these claims as pled is barred by the applicable statute of repose and/or statute of limitations and therefore fails as a matter of law.

The Amended Complaint alleges that Wolf Exotics received two transfers from Algo Capital, LLC ("Algo Transfers") on March 2, 2022, and one transfer from SECAP Holdings, LLC ("SECAP Transfer") on March 9, 2022. *See* Am. Compl. ¶ 62 and Ex. E. Thus, any claim arising from those transfers expired, at the latest, on March 2, 2026, and March 9, 2026, respectively. Yet the Receiver did not file the Amended Complaint until May 6, 2026, more than four years after the alleged transfers occurred and *after* Wolf Exotics had previously been voluntarily dismissed from

this lawsuit. Because the dates establishing the statute of repose and limitations defenses appear on the face of the Amended Complaint, dismissal is appropriate under Rule 12(b)(6)[1].

Moreover, any attempt to amend the Amended Complaint to cure the deficiencies relating to the SECAP Transfer would be futile because the Receiver did not acquire any purported right to pursue SECAP-related claims until after those claims had already been extinguished. The Amended Complaint incorporates by reference this Court's March 13, 2026, Order issued in the underlying action styled *Commodity Futures Trading Commission v. Traders Domain FX Ltd. d/b/a The Traders Domain, et al.*, Case No. 24-cv-23745-ALTMAN (hereinafter "CFTC Action"), whereby this Court denied the Receiver's request to expand *this* Receivership to include SECAP and other non-sponsor-related entities. *See* Am. Compl. ¶ 3 (referencing the "Expansion Order", ECF No. 425). The Amended Complaint further alleges that the Receiver thereafter obtained authority to pursue SECAP-related claims through an assignment authorized by a separate receivership proceeding in the Southern District of Texas on March 30, 2026. *See* Am. Compl. ¶¶ 4-6.

By the Receiver's own allegations, therefore, any authority to pursue claims arising from the March 9, 2022, SECAP Transfer was not acquired until March 30, 2026 - after the expiration of the applicable four-year repose and limitations periods. Under well-established law, an assignee stands in the shoes of the assignor and acquires no greater rights than those possessed by the

---

[1] Although the parties previously entered into a limited Tolling Agreement, that agreement is neither referenced in nor attached to the Amended Complaint and therefore is not properly before the Court on this Rule 12(b)(6) motion. Wolf Exotics expressly reserves all arguments concerning the scope, applicability, and enforceability of that agreement should the Receiver seek to rely upon it.

assignor at the time of assignment. Accordingly, an assignment cannot revive, resurrect, or create rights in a claim that has already been extinguished by operation of law.

Accordingly, the Amended Complaint should be dismissed. Further, because the Receiver's own allegations establish that any claims arising from or relating to the SECAP Transfer were acquired only after they had already expired, amendment of those claims would be futile and dismissal with prejudice is warranted.

## II. PROCEDURAL BACKGROUND

1. On October 20, 2025, the Receiver filed its Complaint[2] in this ancillary proceeding against Wolf Exotics, LLC and various other defendants. [ECF No. 11]. As to Wolf Exotics, that pleading asserted claims relating only to the alleged Algo Transfers. *See id.* Notably, it did not assert any claims related to the SECAP Transfer. *See id.*

2. On November 14, 2025, the Receiver voluntarily dismissed Wolf Exotics from this action without prejudice. [ECF No. 34].

3. On March 13, 2026, in the underlying CFTC Action, this Court denied the Receiver's request to expand the Receivership Estate to include SECAP and other non-sponsor related entities[3]. *See* Am. Compl. ¶ 3 [ECF No. 425].

4. Thereafter, the Receiver sought authority to pursue SECAP-related claims through an assignment from a separate receivership proceeding pending in the Southern District of Texas, styled *Commodity Futures Trading Commission v. Marcus Todd Brisco, et al;* Case No. 4:23-cv-0036. *See* Am. Compl. ¶ ¶ 4-6.

---

[2] The original complaint against Wolf Exotics was the Complaint filed on October 3, 2025, in Case No.: 1:25-cv-24563-RKA.

[3] The Amended Complaint incorporates by reference this Court's March 13, 2026 Expansion Order.

5. The Amended Complaint alleges that, on March 30, 2026, the Texas court entered an order authorizing an assignment of interests in SECAP to the Receiver in *this* action, including the purported ability to pursue claims or causes of action held by or against SECAP. *See id.*

6. On May 6, 2026, the Receiver filed the Amended Complaint that is the subject of the instant motion. [ECF No. 70]. Unlike the prior pleading, the Amended Complaint asserts, for the first time, claims arising from the alleged March 9, 2022, SECAP Transfer.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12 (b)(6). To survive a motion to dismiss, a plaintiff must plead sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the Court must accept well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff, the Court is not required to accept legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. Moreover, although statutes of limitation and statutes of repose are affirmative defenses, dismissal under Rule 12(b)(6) is appropriate where the allegations of the complaint affirmatively establish that the claims are time-barred. *See Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1199 (11th Cir. 2008).

## IV. ARGUMENT

### A. The Claims Asserted Against Wolf Exotics are Barred on the Face of the Amended Complaint

The Receiver's claims as pled against Wolf Exotics are barred by the applicable four-year statute of repose and statute of limitations. Accordingly, those claims are untimely, and dismissal

is warranted. In the Amended Complaint, the Receiver asserts claims against Wolf Exotics under Florida's Uniform Fraudulent Transfer Act, Chapter 726, Florida Statutes. Specifically, the Receiver asserts counts under § 726.105(1)(a), Fla. Stat.; § 726.105(1)(b), Fla. Stat.; and § 726.106(1), Fla. Stat. Additionally, the Receiver asserts a claim against Wolf Exotics for Unjust Enrichment.

Section 726.110 of Chapter 726, Florida Statutes, provides that claims brought under sections 726.105 and 726.106 (1) are extinguished unless brought within four years after the transfer was made, subject only to the limited statutory exceptions set for therein that are inapplicable here. *See* Fla. Stat. § 726.110. Section 726.110 is a statute of repose that extinguishes the claim itself after expiration of the repose period. *See Nat'l Auto Serv. Centers, Inc. v. F/R 550, LLC,* 192 So. 3d 498 (Fla. 2d DCA 2016) (statutes of repose establish an absolute bar to the filing of any claim after expiration of the repose period).

Similarly, claims for unjust enrichment must be brought within four years and start to run when the alleged benefit is conferred and received by the defendant. *See* Fla. Stat. § 95.11(3)(j) (provides a four-year limitations period for "a legal or equitable action on a contract, obligation, or liability not founded on a written instrument"); *see also Beltran v. Vincent P. Miraglia, M.D., P.A.,* 125 So. 3d 855, 859 (Fla. 4th DCA 2013) (Statutes of limitations on unjust enrichment or quantum meruit claims generally begin to run upon the occurrence of the event that created the uncompensated benefit in the defendant).

Here, the Amended Complaint alleges that the transfers to Wolf Exotics occurred on March 2, 2022, and March 9, 2022. *See* Am. Compl. ¶ 62 and Ex. E. Any claim to avoid or recover those transfers therefore expired, at the latest, on March 2, 2026, and March 9, 2026, respectively.

The Receiver did not file the Amended Complaint until May 6, 2026. Because the face of the Amended Complaint establishes that the challenged transfers occurred more than four years before the claims were asserted, the Receiver's claims under Chapter 726 are extinguished by the applicable statute of repose. Likewise, the Receiver's unjust enrichment claim, which arises from the same alleged transfers, is barred by the applicable statute of limitations.

Accordingly, the Amended Complaint should be dismissed.

**B. Any Claims Arising From the SECAP Transfers Should Be Dismissed with Prejudice Because Amendment would be Futile**

Even if the Court were to grant leave to amend, any claims arising from or relating to the SECAP Transfer should be dismissed with prejudice because amendment would be futile. The Amended Complaint establishes on its face that any such claims are barred by the applicable statute of repose and statute of limitations and that the Receiver first acquired any purported authority to pursue those claims only after they had already expired.

The Amended Complaint alleges that SECAP transferred funds to Wolf Exotics on March 9, 2022. *See* Am. Compl. ¶ 62 and Ex. E. Accordingly, any claim seeking avoidance or recovery of that transfer expired no later than March 9, 2026. Yet the Receiver did not assert any claims arising from the SECAP Transfer until May 6, 2026, when he filed the Amended Complaint. This is the first pleading in which the Receiver asserted claims relating to the SECAP Transfer.

The Receiver's own allegations further establish that he possessed no authority to pursue SECAP-related claims before those claims expired. The Amended Complaint alleges that SECAP was part of a separate receivership proceeding pending in the Southern District of Texas and that the Texas court did not authorize the assignment of SECAP-related claims until March 30, 2026 -

more than three weeks after the expiration of the applicable four-year repose and limitations periods. *See* Am. Compl. ¶¶ 4-6.

As alleged, the Receiver's authority to pursue claims relating to the SECAP Transfer derives exclusively from that assignment. The Amended Complaint expressly incorporates by reference this Court's March 13, 2026 Order denying the Receiver's request to expand the Receivership Estate to include SECAP and other non-sponsor-related entities. *See* Am. Compl. ¶ 3. Consequently, the Receiver cannot rely upon any receivership authority granted in this action as an independent basis to pursue SECAP-related claims.

Under well-settled law, an assignee stands in the shoes of the assignor and acquires no greater rights than those possessed by the assignor at the time of assignment. *See You Restorations LLC v. First Protective Ins. Co.,* 417 So. 3d 358 (Fla. 4th DCA 2025). An assignee is therefore subject to all defenses that could have been asserted against the assignor. *See generally id; see also State v. Fam. Bank of Hallandale,* 667 So. 2d 257 (Fla. 1st DCA 1995).

An assignment cannot revive, resurrect, or create rights in a claim that has already been extinguished by operation of law. The assignment could transfer only whatever rights SECAP or the Texas receiver possessed on March 30, 2026; it could not create a new limitations period or revive claims already extinguished by section 726.110. Thus, by March 30, 2026, when the assignment allegedly occurred, any claims arising from the March 9, 2022 SECAP Transfer had already been extinguished. At most, the assignment transferred a time-barred claim.

Nor can the Receiver avoid this result through amendment of the Amended Complaint. The defect is not only one of pleading; it is one of law. The Amended Complaint affirmatively alleges that: (1) the SECAP Transfer occurred on March 9, 2022; (2) the Receiver did not obtain the purported assignment until March 30, 2026; and (3) the Receiver did not assert claims arising from

the SECAP Transfer until May 6, 2026. Accepting those allegations as true, the claims were already extinguished before the Receiver acquired them and before they were ever asserted in this action.

Accordingly, all claims arising from or relating to the SECAP Transfer should be dismissed with prejudice, and any request for leave to amend such claims should be denied because amendment would be futile.

## V. CONCLUSION

The Amended Complaint fails as a matter of law. Its own allegations establish that the Receiver's claims under Chapter 726 were asserted after the expiration of the applicable statute of repose and that the unjust enrichment claim was asserted after the expiration of the applicable statute of limitations.

The Amended Complaint further establishes that any claims arising from or relating to the SECAP Transfer were first asserted only after the applicable repose and limitations periods had expired and that the Receiver did not acquire any purported authority to pursue such claims until after they had already been extinguished or become time-barred. Because these defects are apparent on the face of the Amended Complaint and cannot be cured through amendment, dismissal is warranted.

**[Remainder of Page Intentionally Left Blank]**

**WHEREFORE**, Defendant Wolf Exotics, LLC respectfully requests that the Court dismiss the Amended Complaint. Alternatively, should the Court determine that leave to amend is warranted as to any claim, Defendant requests that all claims arising from or relating to the SECAP Transfer be dismissed with prejudice, that leave to amend such claims be denied on grounds of futility, and that the Court grant such other and further relief as it deems just and proper.

**DATED:** this 10th day of June, 2026.

Respectfully submitted,
**THE CARLSON LAW FIRM P.A.**

By: *\/s/ Robert A. Carlson*
ROBERT A. CARLSON, ESQ.
Florida Bar No. 68433
100 Biscayne Boulevard, Suite 605
Miami, Florida 33132
Telephone: (305) 377-2323
rcarlson@carlsonfirm.com
***Attorneys for Wolf Exotics, LLC***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 10, 2026, a true and correct copy of the foregoing was served via the CM/ECF upon counsel on record.

By: */s/ Robert A. Carlson*
Robert A. Carlson