**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-24550-ALTMAN**

**KELLY M. CRAWFORD**

*Plaintiff*,

*v.*

**36IXZERO Degrees, LLC**, *et al.*,

*Defendants.*

__________________________________/

**ORDER GRANTING MOTION FOR DEFAULT FINAL JUDGMENT**

Our Plaintiff, Kelly M. Crawford, has filed a Motion for Default Final Judgment Against Defendant R Acosta Consulting LLC ("RAC") (the "Motion") [ECF No. 95]. After careful review, we **GRANT** the Motion.

**BACKGROUND**

On May 6, 2026, Crawford filed his Amended Complaint [ECF No. 70] against, among other Defendants, RAC. Crawford filed proof of service as to RAC on May 27, 2026, *see* Service Declaration [ECF No. 80], but RAC failed to appear in these proceedings, *see generally* Docket. On June 16, 2026, the Clerk entered default against RAC. *See* Clerk's Entry of Default [ECF No. 89]. Crawford now moves for default final judgment against RAC.

**THE LAW**

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing FED. R. CIV. P. 55(b)(2)). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). But "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*

*Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default."). "[A] default final judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245. In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).

## ANALYSIS

### I. Jurisdiction and Venue

Before delving into the merits of the Motion, we must verify that we have subject-matter jurisdiction over this case, that we can exercise personal jurisdiction over RAC, and that venue is proper in our District. We have subject-matter jurisdiction over this case because it's ancillary to our Commodity Futures Trading Commission ("CFTC") receivership case—*Commodity Futures Trading Comm'n v. Traders Domain Fx Ltd.*, Case No. 24-cv-23745 (the "Receivership Case")—over which we have original jurisdiction pursuant to 28 U.S.C. § 1331, in that this action forms "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Accordingly, pursuant to the principles of supplemental jurisdiction, we have subject-matter jurisdiction over the claims set forth here. *See* Amended Complaint ¶¶ 19–23 (outlining our jurisdiction over this case). We can exercise personal jurisdiction over RAC because it "conducted business with, and/or received funds or transfers of assets from the Receivership Entities, which were operating, conducting, engaging in, and carrying on a fraudulent business or business venture in, among other locations, the

Southern District of Florida." *Id.* ¶ 24. Moreover, at all relevant times, RAC "was a Florida limited liability company with its principal place of business in Miami, Florida." *Id.* ¶ 13. And, finally, venue is proper in this District because this action is ancillary to our Receivership Case and because a substantial part of the events giving rise to the claims occurred within the Southern District of Florida. *See id.* ¶ 26 (describing the proper venue in this case).

**II. Fraudulent Transfers**

Count I of the Amended Complaint seeks to avoid and recover fraudulent transfers under § 726.105(1)(a). *See* Amended Complaint at 18. To recover fraudulent transfers, a plaintiff must allege that "(1) there was a creditor sought to be defrauded, (2) a debtor intending fraud, and (3) a conveyance of property which could have been available to satisfy the debt." *Pearlman v. Alexis*, 2009 WL 3161830, at *4 (S.D. Fla. Sept. 25, 2009) (Hurley, J.) (citing *Nationsbank, N.A. v. Coastal Utils. Inc.*, 814 So. 2d 1227, 1229 (Fla. 4th DCA 2002)).

Because RAC hasn't responded to the Amended Complaint, it's undisputed that (1) RAC received transfers totaling $553,140.01 from Receivership Entities Algo Capital, LLC ("Algo") and SECAP Holdings, LLC ("SECAP"), *see* Receiver's Declaration [ECF No. 95-1] ¶ 3; (2) Algo and SECAP "made the [t]ransfers in furtherance of their fraudulent and/or Ponzi scheme," Amended Complaint ¶ 78; (3) "[a]t the time that [Algo and SECAP] made the Transfers, they removed and/or concealed assets of the Receivership Entities from the reach of their investors and/or creditors," *id.* ¶ 79; and (4) Algo and SECAP, in sending the transfers, "had the actual intent to delay, hinder, or defraud creditors, and made the Transfers to delay, hinder, or defraud creditors," *id.* ¶ 81. Taken together, these unrebutted factual allegations sufficiently demonstrate that RAC received fraudulent transfers as part of fraudulent and/or Ponzi schemes involving SECAP and Algo, and an entry of

default final judgment is therefore warranted.[1] *See Wiand v. Lee*, 753 F.3d 1194, 1201 (11th Cir. 2014) ("[U]nder FUFTA's actual fraud provision, proof that a transfer was made in furtherance of a Ponzi scheme establishes actual intent to defraud under § 726.105(1)(a) without the need to consider the badges of fraud.").

**III. Damages**

Crawford seeks $553,140.01—the amount of the fraudulent transfers—in damages, as well as an award for post-judgment interest. *See* Motion at 6 ("Plaintiff, Kelly M. Crawford, as Receiver, respectfully requests the Court to enter an order . . . holding R Acosta Consulting LLC liable for damages in the amount of $553,140.01 and post-judgment interest at the statutory rate[.]"). Crawford has submitted a sworn affidavit and a summary of the transfers, showing that RAC indeed received $553,140.01 in transfers from Algo and SECAP. *See generally* Receiver's Declaration. Given RAC's default, this affidavit is sufficient to establish damages. *See Adolph*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for [an] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (cleaned up)). Accordingly, we'll award Crawford $553,140.01 in damages for Count I.

***

Accordingly, we **ORDER and ADJUDGE** as follows:

---

[1] While Algo is a defendant in the CFTC Receivership case, SECAP is not, and we previously denied Crawford's motion to expand the receivership to SECAP in that case. *See Commodity Futures Trading Comm'n*, No. 24-cv-23745 (S.D. Fla. Mar. 13, 2026), ECF No. 425. But just because we declined to expand the receivership to SECAP doesn't mean that transfers from SECAP can't satisfy the standard for a fraudulent transfer. Here, Crawford alleges that the Traders Domain fraudulent scheme was "facilitated by" SECAP because "Traders Domain customers were directed to deposit funds" into SECAP accounts for "investing into the TD pool" and "the Receivership Entities misappropriated such funds for their own benefit." Amended Complaint ¶ 45–47. Based on these facts, we think that the transfers from SECAP to RAC qualify as fraudulent transfers under § 726.105(1)(a).

1. The Plaintiff's Motion for Default Final Judgment Against Defendant R Acosta Consulting LLC [ECF No. 95] is **GRANTED**.
2. The Plaintiff is awarded $553,140.01 in damages on Count I of the Amended Complaint against R Acosta Consulting LLC.
3. In accordance with Federal Rule of Civil Procedure 58, final judgment will be entered separately.

**DONE AND ORDERED** in the Southern District of Florida on September 22, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

Cc: Counsel of record
R Acosta Consulting LLC